**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| GREGORY ROBERT WILSON,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>KILOLO KIJAKAZI,[1]<br>Acting Commissioner of Social Security,<br><br>　　　　　　　　　Defendant. | Case No. 3:22-cv-00231-CLB<br><br>**ORDER DENYING MOTION TO REMAND AND GRANTING CROSS-MOTION TO AFFIRM**<br><br>[ECF Nos. 17, 18] |

　　　　This case involves the judicial review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Gregory Robert Wilson's ("Wilson") application for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act. Currently pending before the Court is Wilson's motion for reversal and remand. (ECF No. 17.) The Commissioner filed a response and cross-motion to affirm, (ECF Nos. 18, 19)[2], and Wilson filed a reply, (ECF No. 20). Having reviewed the pleadings, transcripts, and the Administrative Record ("AR"), (ECF No. 13), the Court concludes that the Commissioner's finding that Wilson could perform other work that exists in significant numbers in the national economy was supported by substantial evidence. Therefore, the Court denies Wilson's motion for remand, (ECF No. 17), and grants the Commissioner's cross-motion to affirm, (ECF No. 18).

///

///

///

---

[1]　　Kilolo Kijakazi is now the Acting Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

[2]　　ECF Nos. 18 and 19 are identical documents.

**I.     STANDARDS OF REVIEW**

   **A.     Judicial Standard of Review**

This Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The court must affirm an Administrative Law Judge's ("ALJ") determination if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *see also* 42 U.S.C. § 405(g) ("findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (internal quotation marks and citation omitted). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005).

To determine whether substantial evidence exists, the court must look at the administrative record as a whole, weighing both the evidence that supports and undermines the ALJ's decision. *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995) (citation omitted). Under the substantial evidence test, a court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

"However, if evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld." *Orteza,* 50 F.3d at 749 (citation omitted). The ALJ alone is responsible for determining credibility and for resolving ambiguities. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).

It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if substantial evidence supports the Commissioner's decision. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

### B. Standards Applicable to Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of their claim for disability. *See* 20 C.F.R. § 404.1514. If the individual establishes an inability to perform their prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998).

The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(b), 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities, usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b), 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to

the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits the individual from performing basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921; Social Security Rulings ("SSRs") 85-28 and 96-3p. If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. If the individual's impairment or combination of impairments meets or equals the criteria of a listing and meets the duration requirement (20 C.F.R. §§ 404.1509, 416.909), then a finding of disabled is made. 20 C.F.R. §§ 404.1520(h), 416.920(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Prior to considering step four, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529 and 416.929; SSRs 96-4p, 96-7p. To the extent that objective medical evidence does not substantiate statements about the

intensity, persistence, or functionally-limiting effects of pain or other symptoms, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

After making the RFC determination, the ALJ must then turn to step four to determine whether the individual has the RFC to perform their past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). Past relevant work means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. If the individual has the RFC to perform their past work, then a finding of not disabled is made. If the individual is unable to perform any past relevant work or does not have any past relevant work, then the analysis proceeds to the fifth and final step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering their RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g). If the individual is able to do other work, then a finding of not disabled is made. Although the individual generally continues to bear the burden of proving disability at this step, a limited evidentiary burden shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

## II.     CASE BACKGROUND

### A.     Procedural History

Wilson applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") on December 2, 2019, with an alleged disability onset date of January 1, 2018. (AR 29, 356-59.) Wilson's application was denied initially on May 15, 2020, and

upon reconsideration on July 21, 2020. (AR 114, 129, 142, 155.) Wilson subsequently requested an administrative hearing and on November 15, 2021 and December 21, 2021, Wilson and his attorney appeared at a telephonic hearing before an ALJ. (AR 62-99.) A vocational expert ("VE") also appeared at the hearing via telephone. (*Id.*) The ALJ issued a written decision on January 7, 2022, finding that Wilson was not disabled because he could perform other work that exists in significant numbers in the national economy. (AR 29-53.) Wilson appealed, and the Appeals Council denied review. (AR 1-5.) Accordingly, the ALJ's decision became the final decision of the Commissioner. Having exhausted all administrative remedies, Wilson filed a complaint for judicial review on May 23, 2022. (*See* ECF Nos. 1-1, 7.)

### B.    ALJ's Decision

In the written decision, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. (AR 32-53.) Ultimately, the ALJ disagreed that Wilson has been disabled from January 1, 2018, the alleged onset date, through the date of his decision. (AR 53.) The ALJ held that, based on Wilson's RFC, age, education, and work experience, Wilson could perform other work that exists in significant numbers in the national economy. (AR 52-53.)

In making this determination, the ALJ started at step one. Here, the ALJ found Wilson had not engaged in substantial gainful activity since the alleged onset date of January 1, 2018. (AR 35.) At step two, the ALJ found Wilson had the following severe impairments: degenerative disc disease of the lumbar spine with resultant foraminal stenosis and radiculopathy, status post laminotomy (L5-S1) and disc bulge (L4-5) and status post anterior lumbar L5-S1 interbody fusion with internal fixation; and dysfunction of major joint(s), specifically right shoulder (status post-surgery for torn labrum), right ankle tendinitis (status post-surgery), and left knee (status post-surgery). (AR 35-37.) At step three, the ALJ found Wilson did not have an impairment or combination of impairments that either met or medically equaled the severity of those impairments listed in 20 C.F.R. Part 404, Subpart P, Appx. 1; 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d),

416.925, and 416.926. (AR 37.)

Next, the ALJ determined Wilson has the RFC to perform sedentary work as defined by 20 C.F.R. §§ 404.1567(a) and 416.967(a) except:

> lifting and carrying 10 pounds or less; standing and walking for a maximum of two hours in an eight-hour workday; sitting for six hours in an eight-hour workday; occasionally climbing stairs and ramps; never climbing ladders or scaffolds; occasional balancing, stooping, kneeling, and crouching; never crawling; occasional pushing/pulling with the right arm; occasional above shoulder reaching with the right arm; avoid concentrated exposure to extreme cold and heat and vibration; avoid all exposure to moving mechanical parts and unprotected heights; needs to work in reasonable proximity to a restroom, meaning within a 10-minute walk or less; needs a cane to ambulate; and needs a sit/stand option at will for up to three minutes every two hours as needed.

(AR 37.)

The ALJ found Wilson's medically determinable impairments could reasonably be expected to cause the symptoms alleged; however, Wilson's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. (AR 40.) In reaching this conclusion, the ALJ reviewed and discussed the objective medical evidence, Wilson's longitudinal treatment history, his reported activities, inconsistent statements regarding the nature and extent of his alleged symptoms, and the prior administrative findings of the State Agency consultants. (AR 37-51.) The ALJ then determined that Wilson is not capable of performing past relevant work, as an HVAC technician, as actually or generally performed. (AR 51.)

Relying on the testimony of the VE, the ALJ determined that Wilson's age, education, work experience, and RFC would allow him to perform other occupations existing in significant numbers in the national economy, such as: order clerk (food and beverage), laminator, and document preparer. (AR 52-53.) Accordingly, the ALJ held that Wilson had not been under a disability since the alleged onset date of January 1, 2018, through the date of the decision, and denied Wilson's claim. (AR 53.)

///

### III. ISSUE

Wilson seeks judicial review of the Commissioner's final decision denying DIB and SSI under Titles II and XVI of the Social Security Act. (ECF No. 17.) Wilson raises a single issue for this Court's review: Whether the ALJ properly evaluated the medical opinion evidence in determining Wilson's RFC. (*Id.* at 16-24.)

### IV. DISCUSSION

Within the administrative record, an ALJ may encounter medical opinions from three types of physicians: treating, examining, and non-examining. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009). For claims filed *on or after* March 27, 2017, no deference or specific evidentiary weight, including controlling weight, will be given to any medical opinions or prior administrative medical findings, including those from a plaintiff's medical sources. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). When evaluating the persuasiveness of medical opinions and prior administrative medical findings, the most important factors considered are *supportability* and *consistency*. *Id.* (emphasis added). When a finding is made on persuasiveness, there must be an explanation of how the ALJ considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings within the determination or decision. *Id.; see also* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support their medical opinions or prior administrative medical findings, the more persuasive the medical opinions or prior administrative medical findings will be. *Id.* at §§ 404.1520c(c)(1), 416.920c(c)(1). The more consistent a medical opinion or prior administrative medical finding is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion or prior administrative medical finding will be. *Id.* at §§ 404.1520c(c)(2), 416.920c(c)(2).

The ALJ will consider the following additional factors when evaluating the persuasiveness of medical opinions and prior administrative medical findings, however, the ALJ is not required to explain how the factors were considered:

>    (1) relationship of the claimant with the medical source:
>
>    >   (i) length of the treatment relationship,
>    >   (ii) frequency of examinations,
>    >   (iii) purpose of the treatment relationship,
>    >   (iv) extent of the treatment relationship, and
>    >   (v) examining relationship;
>
>    (2) specialization of the medical source providing the opinions or findings; and
>
>    (3) other factors that tend to support or contradict a medical opinion or prior administrative medical finding.

*Id.* at §§ 404.1520c(c)(3)-(5), 416.920c(c)(3)-(5).

When an ALJ finds two or more equally persuasive medical opinions or prior administrative medical findings about the same issue that are equally well-supported and consistent with the record, but are not exactly the same, then the ALJ must articulate, within the claimant's determination or decision, how the ALJ considered the other most persuasive factors for those medical opinions or prior administrative medical findings. *Id.* at §§ 404.1520c(b)(3), 416.920c(b)(3).

Wilson filed his claims for DIB and SSI on December 2, 2019. (AR 29, 356-59.) For this reason, the ALJ was required to follow 20 C.F.R. §§ 404.1520c and 416.920c when considering and articulating how the ALJ considered medical opinions or prior administrative medical findings. To evaluate whether the ALJ properly assessed Wilson's physical limitations in determining his RFC, the Court will look for whether the ALJ applied the proper legal standards under 20 C.F.R. §§ 404.1520c and 416.920c and, whether there was substantial evidence in the record to support the ALJ's decision.

### A.   There is Substantial Evidence in the Record to Support the ALJ's Decision regarding Wilson's RFC

Wilson first argues the ALJ erred when determining Wilson's RFC because he failed to properly weigh the opinion of treating medical source Ronald Burnett. (ECF No. 17 at 16-22.) In response, the Commissioner states that although Wilson disagrees with the ALJ's conclusion, his mere disagreement is not a basis to overturn the ALJ's decision in this case and at best, Wilson's arguments present a competing interpretation of the record,

which does not constitute reversible error. (ECF No. 21 at 5 (citing *Shaibi v. Berryhill*, 883 F.3d 1102, 1108 (9th Cir. 2018)).)

As an initial matter, the Court finds the ALJ applied the proper legal standards under 20 C.F.R. §§ 404.1520c and 416.920c, as he appropriately assessed the supportability and consistency of Burnett's opinion as the regulations dictate, including providing an explanation of how the supportability and consistency factors were considered when assessing Burnett's medical opinions.

As to Wilson's physical limitations, the ALJ specifically found that Wilson had the ability to perform sedentary work except:

> lifting and carrying 10 pounds or less; standing and walking for a maximum of two hours in an eight-hour workday; sitting for six hours in an eight-hour workday; occasionally climbing stairs and ramps; never climbing ladders or scaffolds; occasional balancing, stooping, kneeling, and crouching; never crawling; occasional pushing/pulling with the right arm; occasional above shoulder reaching with the right arm; avoid concentrated exposure to extreme cold and heat and vibration; avoid all exposure to moving mechanical parts and unprotected heights; needs to work in reasonable proximity to a restroom, meaning within a 10-minute walk or less; needs a cane to ambulate; and needs a sit/stand option at will for up to three minutes every two hours as needed.

(AR 37.) In considering the opinion of Burnett, the ALJ concluded that Burnett's opinion, to the extent it was inconsistent with the RFC assessment, was neither persuasive nor consistent with the longitudinal record. (AR 50.) Specifically, the ALJ found as follows:

> the contemporaneous progress notes show the claimant consistently demonstrated a non-antalgic gait, normal 5/5 muscle strength, the ability to walk on heels and toes, adequate range of motion of the lumbosacral spine/hips, etc., until a one-time examination performed for the purpose of completing disability paperwork. The more recent imaging studies of the lumbar spine and right shoulder contradict the extent of limitations given by Nurse Burnett. Significantly, Nurse Burnett noted the claimant demonstrated good bilateral hand strength and no dysfunction in fine dexterity, which contradicts any significant shoulder problem(s) and contradicts the claimant's testimony about problems using his hands. Nurse Burnett noted the claimant was prescribed medications for his symptoms but failed to indicate the response to that treatment modality and whether other treatment modalities were attempted. For example, in the past, the claimant had shown a good response to physical therapy. As discussed above, the longitudinal progress notes from Nurse Burnett show the claimant responded relatively

>well to a regimen of oral pain medications with symptom improvement after the one-time examination for the purpose of completing disability paperwork. Nurse Burnett subsequently saw the claimant every two months to refill prescriptions. Such a treatment history contradicts disabling symptoms. The claimant also testified to symptom improvement after left knee surgery. Nurse Burnett reported he started treating the claimant on September 14, 2020, but he opined that the limitations given relate back to January 18, 2018, almost three years earlier.

(AR 50-51.)

In determining Wilson's RFC, the ALJ provided a thorough review of the record including medical evidence and subjective testimony regarding Wilson's physical impairments, noting evidence that supported limitations and evidence that contradicted disabling allegations. (AR 37-51.) As noted above, the ALJ provided a thorough review of the evidence throughout the record that supported his RFC determination and specifically noted the supportability and consistency of Burnett's opinion. (*Id.*) Additionally, the ALJ did not provide conclusory reasons for rejecting Burnett's opinion, but rather the ALJ provided a thorough explanation of the inconsistency of Burnett's opinion to the remainder of the evidence and provided specific reasons for finding this opinion inconsistent.

In sum, the ALJ properly considered all the relevant evidence in determining Wilson's physical limitations, including complete assessments of the opinion of Burnett following the criteria articulated in the regulations. (*Id.*) The ALJ reasonably found Burnett's opinion to be neither persuasive nor consistent with the longitudinal record. (AR 50.) The ALJ's thorough evaluation of the supportability and consistency of these opinions supports the ALJ's conclusions as to Wilson's RFC.

Next, Wilson argues that the RFC determination is not supported by substantial evidence as the ALJ relied on the stale opinions of the State Agency medical consultants, resulting in the insertion of the ALJ's own lay medical opinion. (ECF No. 17 at 22-24.) The Commissioner argues the ALJ properly relied on the state agency consultant's medical opinions and Wilson failed to show that there was additional evidence relevant to his case which could have changed their assessments. (ECF No. 18 at 10-12.)

"An ALJ's duty to develop the record further is triggered only when there is

1   ambiguous evidence or when the record is inadequate to allow for proper evaluation of
2   the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001). The duty to
3   develop the record is not triggered when the ALJ has years of health records and multiple
4   opinions from medical experts. *Ford*, 950 F.3d at 1156 ("Given that the ALJ had years of
5   Ford's mental health records and multiple opinions from non-examining psychiatrists to
6   inform her decision, this duty [to develop the record] was not triggered.")  Additionally, the
7   length of time between the state agency consultants' reports and the time of the ALJ's
8   decision does not impact the ability of the ALJ to rely on those reports. *See Meadows v.
9   Saul*, 807 F. App'x 643, 647 (9th Cir. 2020) (unpublished) ("There is always some time
10  lapse between a consultant's report and the ALJ hearing and decision, and the Social
11  Security regulations impose no limit on such a gap in time."). Here, the presence of
12  evidence in the record spanning years from multiple sources means that the duty to
13  develop the record is not triggered. *Ford*, 950 F.3d at 1156. Therefore, the inquiry turns to
14  whether the ALJ's decision is supported by substantial evidence.

15       There is substantial evidence in the record to support the ALJ's RFC determination.
16  The ALJ considered evidence in the record from many years, including evidence that
17  entered the record after the state agency consultants reviewed the record. (AR 38-51; *see
18  Tommasetti v Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (citation omitted) (a court "may
19  not engage in second-guessing" where substantial evidence supports the ALJ's
20  reasoning); *see also Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (substantial
21  evidence is "not [a] high" threshold and means only "relevant evidence as a reasonable
22  mind might accept as adequate to support a conclusion").)

23       Ninth Circuit precedent holds that an ALJ is responsible for translating and
24  incorporating clinical findings into a succinct RFC and may properly reject an opinion
25  "when it lacks support from objective medical findings or relies upon properly discounted
26  subjective reports of a claimant." *Rounds v. Comm'r of SSA*, 807 F.3d 996, 1006 (9th Cir.
27  2015); *see also Smith v. Berryhill*, 752 F. App'x 473, 475 (9th Cir. 2019) (unpublished),
28  *citing Bayliss*, 427 F.3d at 1216–17. Further, "[w]here evidence is susceptible to more than

one rational interpretation, it is the ALJ's conclusion that must be upheld." *Shaibi*, 883 F.3d at 1108 (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *see also Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989) (In Social Security cases, federal courts "are not triers of fact" and a court "may not substitute its judgment for that of the [ALJ].")

For the above reasons, the Court finds that the ALJ's RFC determination is supported by substantial evidence.

**V.    CONCLUSION**

Having reviewed the Administrative Record as a whole, and weighing the evidence that supports and detracts from the Commissioner's conclusion, the Court finds the ALJ's decision was supported by substantial evidence and is free of legal error.

Accordingly, **IT IS THEREFORE ORDERED** that Wilson's motion to remand (ECF No. 17) is **DENIED**, and the Commissioner's cross-motion to affirm (ECF No. 18) is **GRANTED**;

**IT IS FURTHER ORDERED** that the Clerk **ENTER JUDGMENT** and **CLOSE THIS CASE**.

**DATED**: January 20, 2023

_____
**UNITED STATES MAGISTRATE JUDGE**